1  RICHARD J. REYNOLDS      STATE BAR NO. 89911
   ELIZABETH L. DOLAN      STATE BAR NO. 241376
2  TURNER, REYNOLDS, GRECO & O'HARA
   A Law Corporation
3  16485 Laguna Canyon Road, Suite 250
   Irvine, California 92618-3837
4
   Telephone:  949 474-6900
5  Facsimile:  949 474-6907
   E-Mail:     rreynolds@trlawyers.com
6              edolan@trlawyers.com
7  Attorneys for Defendant, MTC Financial Inc., dba Trustee Corps
8

9            UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11  ──────────────────────  ED CV 09 CASE NO. 1806 SGL FMOx

12  AMADO IBARRA,                  )
                                   )   Riverside Superior Court Case No.
13            Plaintiff,           )   INC089623
                                   )
14       vs.                       )   NOTICE OF REMOVAL OF
                                   )   ACTION UNDER 28 U.S.C.
15  K. HOVNANIAN AMERICAN          )   § 1441(b) [Federal Question]
    MORTGAGE, LLC.; ORANGE COAST   )
16  TITLE COMPANY; MORTGAGE        )
    ELECTRONIC REGISTRATION SYSTEMS,)
17  INC. AS NOMINEE FOR LENDER; MTC )
    FINANCIAL, INC. DBA TRUSTEE CORPS)
18  and DOES 1 through 50, inclusive,)
                                   )
19            Defendants.          )
                                   )
20  ──────────────────────

21       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22       PLEASE TAKE NOTICE that Defendant MTC Financial Inc., dba Trustee Corps,

23  hereby removes to this Court the State Court action described below.

24       On September 17, 2009 an action was commenced in the Superior Court of the State

25  of California in and for the County of Riverside, Indio Branch, entitled AMADO IBARRA,

26  Plaintiff vs. K. HOVNANIAN AMERICAN MORTGAGE, LLC.; ORANGE COAST

27  TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

28  AS NOMINEE FOR LENDER; MTC FINANCIAL, INC. DBA TRUSTEE CORPS and

1  DOES 1 through 50, inclusive, Defendants, as Case No. INC 089623.  A true and correct

2  copy of that Complaint is attached hereto as Exhibit "A."  A copy of the summons is

3  attached hereto as Exhibit "B."

4  This action is a civil action of which this Court has original jurisdiction under 28

5  U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to

6  the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446 in that it arises under 15

7  U.S.C. § 1637, 15 U.S.C. § 1601-1667f, Regulation Z, 12 C.F.R. § 226.23(a)(3), and 15

8  U.S.C. §§ 41-58,

9  No other Defendants who have been named in the Summons and Complaint have

10  been served with the Summons and Complaint.

11

12  Dated:  September 22, 2009          **TURNER, REYNOLDS, GRECO & O'HARA**

13

14  By: _____

15  RICHARD J. REYNOLDS
    ELIZABETH L. DOLAN
    Attorneys for Defendant, MTC Financial Inc.,

16  dba Trustee Corps

17

18

19

20

21

22

23

24

25

26

27

28

1  Gary Lane. SBN: 050960
   CONSUMER PROTECTION
2  LEGAL SERVICES, INC
3  2911 South Bristol Street
   Santa Ana, CA 92704-6205
4  Telephone. (714) 242-2810 Ext 128
   Facsimile   (714) 955-6618
5
6  Attorney for Plaintiff,
   AMADO IBARRA
7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 17 2009

A. A.

8                     SUPERIOR COURT OF CALIFORNIA

9        IN AND FOR THE COUNTY OF RIVERSIDE. INDIO – LARSON JUSTICE CENTER

10
11  AMADO IBARRA                          ) Case No :  INC 089623
                                          )
12                                        ) VERIFIED COMPLAINT FOR:
              Plaintiff.                  )
13                                        ) 1. Violation of California Civil Code §1632
                                          )
14                                        ) 2. Violation of California Business and
    v                                     )    Professions Code §17200 et. seq. – fraudulent
15                                        )    business practices
                                          )
16  K HOVNANIAN AMERICAN MORTGAGE,        ) 3. Violation of California Business and
    LLC ; ORANGE COAST TITLE COMPANY:     )    Professions Code §17200 et. seq. – Unlawful
17  MORTGAGE ELECTRONIC                   )    Business Practices 15 U.S.C. §1601 et. seq
    REGISTRATION SYSTEMS, INC AS          )    (TILA)
18  NOMINEE FOR LENDER: MTC FINANCIAL     )
    INC DBA TRUSTEE CORPS and DOES 1      ) 4. Violation of California Business and
19  through 50, inclusive,                )    Professions Code §17200 et. seq. – Unlawful
                                          )    Business Practices (Financial Code §22302)
20                                        )
              Defendants.                 ) 5. Fraudulent Omission
21                                        )
                                          ) 6. Injunctive Relief
22                                        )
                                          ) 7. Breach of the Covenant of Good Faith and
23                                        )    Fair Dealing
                                          )
24                                        ) 8. Unjust Enrichment
                                          )
25                                        ) 9. Failure to Provide Accounting
                                          )
26                                        ) 10. Negligence
                                          )
27                                        ) 11. Breach of Fiduciary Duty
                                          )
28

VERIFIED COMPLAINT

1

EXHIBIT ___A___

PAGE ___3___

Comes AMADO IBARRA, (hereinafter "Plaintiff") who for cause of action against defendants, and each of them allege as follows:

### INTRODUCTION

1.      This is an action filed pursuant to California Civil Code §1632, California Business and Professions Code §17200 et seq. Fraudulent Omission, Injunctive Relief, Truth In Lending Act ("TILA"), 15 U.S.C. §1601 et seq., Breach of the Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Accounting, Negligence, and other statutory common law in effect

2.      Plaintiff brings this action against Defendants, (hereinafter "Defendants"), and DOES 1 through 50, inclusive (collectively "DEFENDANTS")

3.      This Complaint is based, in part, on DEFENDANTS' failure to clearly and conspicuously disclose to Plaintiff his home loan documents, and provide him with the required disclosures accompanying the loan: (i) the "APR," "Finance Charge" and "Total Payments" under the loan (ii) the terms of payment and payment amounts, (iii) the actual interest rate in the note, and (iv) that Plaintiff was not qualified to obtain the loan; (v) the actual finance charge was not disclosed accordingly to Plaintiff

### PARTIES

4.      At all times mentioned herein Plaintiff, was and is currently a resident of the County of Riverside, who is the owner in possession of the subject real property, located at 85450 Avenida Maria, Coachella, CA 92236 (hereinafter "SUBJECT PROPERTY") On or about October 10, 2007, Plaintiff purchased the SUBJECT PROPERTY and entered into an Adjustable Rate Mortgage Loan Agreement (the "LOAN") with one or more of the DEFENDANTS  The LOAN was secured by the Plaintiff's primary residence-the SUBJECT PROPERTY

5.      Defendant K HOVNANIAN AMERICAN MORTGAGE, LLC hereinafter "HOVNANIAN" with its headquarters and principal place of business at 3601 Quantum Blvd. Boynton Beach, CA 33426  Corporation System located at 818 West Seventh Street, Los Angeles, CA 90017 is registered as its agent for service of process, who at all times mentioned herein was conducting business in the State of California, County of Riverside engaged in the business of mortgage lending/servicing/transactions, nominee, and is beneficiary and/or assignor of Deed of

EXHIBIT _____ A

PAGE _____ 4

1  Trust as it pertains to this complaint. and as a consequence thereof has submitted itself to and is

2  within the in personam jurisdiction of this Court

3        6.    Defendant ORANGE COAST TITLE COMPANY hereinafter "ORANGE" with its

4  headquarters and principal place of business at 1500 South Haven Avenue. Suite 230, Ontario, CA

5  91761. MICHAEL KALUGER JR located at 640 North Tustin Ave Suite 106. Santa Ana. CA

6  92705 is registered as its agent for service of process. Who at all times mentioned herein was

7  conducting business in the State of California. County of Riverside engaged in the business of

8  mortgage lending servicing/transactions. nominee. and is beneficiary and or assignor of Deed of

9  Trust as it pertains to this complaint. and as a consequence thereof has submitted itself to and is

10  within the in personam jurisdiction of this Court

11        7.    Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS. INC. AS

12  NOMINEE FOR LENDER hereinafter "MERS" with its headquarters and principal place of

13  business at P. O. Box 2026. Flint, MI 48501-2026. JOHN BROSNAN located at 3321 Vincent

14  Road, Pleasant Hill. CA 94523 is registered as its agent for service of process. Who at all times

15  mentioned herein was conducting business in the State of California. County of Riverside engaged in

16  the business of mortgage lending/servicing/transactions, nominee. and is beneficiary and/or assignor

17  of Deed of Trust as it pertains to this complaint. and as a consequence thereof has submitted itself to

18  and is within the in personam jurisdiction of this Court

19        8.    Defendant MTC FINANCIAL, INC. DBA TRUSTEE CORPS hereinafter "MTC"

20  with its headquarters and principal place of business at 2112 Business Center Drive, 2nd Floor,

21  Irvine, CA 92612. RICHARD REYNOLDS located at 16485 Laguna Canyon Road, Suite 250,

22  Irvine, CA 92618 is registered as its agent for service of process. Who at all times mentioned herein

23  was conducting business in the State of California, County of Riverside engaged in the business of

24  mortgage lending/servicing/transactions, nominee. and is beneficiary and/or assignor of Deed of

25  Trust as it pertains to this complaint, and as a consequence thereof has submitted itself to and is

26  within the in personam jurisdiction of this Court

27

28

EXHIBIT _A_

PAGE _5_

9       Plaintiff is ignorant of the true identity and capacity of Defendants designated as DOES 1 through 20, but will amend the Complaint when their identities have been ascertained according to proof at the time of trial. Plaintiff alleges on information and belief that each and every DOE Defendant is in some manner responsible for the acts and conduct of other Defendants, and were and are, responsible for the injuries, damages and harm incurred by Plaintiff. Plaintiff further alleges upon information and belief that each designated Defendant acted, and or committed acts, as the authorized agent, representative and associate of other Defendants in doing the things alleged herein.

10      Plaintiff is informed, believes and thereon alleges, that at all times relevant during the liability period, that DEFENDANTS, and each of them, including without limitation those Defendants herein sued as DOES, were acting in concert or participating with each other, or were joint participants and collaborators in the acts complained of, and were the agents or employees of others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by others, each and all of them acting in concert with the other and all together. The doctrines of respondeat superior and ratification apply.

## VENUE AND JURISDICTION

11      Venue is proper in this Court, as the SUBJECT PROPERTY is located within its Jurisdiction.

12      The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." No other basis of jurisdiction is implied in this case, which presents California state law claims regarding California real estate transactions conducted by California based entities.

13      Venue is proper in this Court because of defendants' liability to Plaintiff arose within the jurisdictional region of this Court.

14      Defendants herein purposefully directed their activities to the State of California and consummated a transaction with a resident of the State of California, Plaintiff herein. As a result,

---

VERIFIED COMPLAINT

4

EXHIBIT____A

PAGE____6

1   Defendants caused an event or events to occur in California, and more particularly in Riverside

2   County, out of which this action arises and which forms the basis of this action.

3       15   Accordingly, this Court has subject matter jurisdiction over this matter and personal

4   jurisdiction over each of the parties.

5       16   Additionally, Plaintiff has, as detailed below, asserted causes of action that arise

6   under California Law and depend entirely on state law.

7       17   This Court has personal jurisdiction over the parties named in this Complaint due to

8   the fact that DEFENDANTS either are entities duly licensed to do business in California or are

9   entities that regularly conduct business in this judicial district within California.

10       18   Venue is proper for this Court.

11   BACKGROUND FACTS

12       19   DEFENDANTS sell, procure and facilitate a variety of home loans. The adjustable

13   rate mortgage ("ARM") is the type of the loan that is the subject of this Complaint.

14       20   The instant action arises out of a residential mortgage loan transaction in which

15   DEFENDANTS failed to disclose pertinent information in a clear and conspicuous manner to

16   Plaintiff, in writing, as required by law, and further failed to inform Plaintiff that he could not

17   actually qualify for the loan applied.

18       21   This action also concerns DEFENDANTS' unlawful, fraudulent and unfair business

19   acts or practices.

20       22   Plaintiff received an adjustable rate variable loan by Defendants.

21       23   Further, Plaintiff believes and alleges that defendants, "MTC" and "HOVNANIAN"

22   prepared the Federal Truth in Lending Disclosure Statement (the "TILDS"), but failed to provide the

23   pertinent information to Plaintiff in connection with the subject property as required by law.

24   FIRST CAUSE OF ACTION

25   (Violation of California Civil Code §1632, Against all Defendants)

26       24   Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 23

27   of the Complaint, as though herein fully set forth.

28

---

VERIFIED COMPLAINT

5

EXHIBIT _____ A

PAGE _____ 7

25    At the time and place where the above referenced Promissory Note and both Deed of Trust documents were allegedly signed by Plaintiff, Plaintiff was not then, nor is he now conversationally fluent in nor could read or understand the English language. Plaintiff's primary language for writing and communication at the time he informed, negotiated, and instructed to sign all real estate documents pertaining to said property was and continues to be the Spanish language.

26.    At the time the Promissory Note and Deed of Trust documents were purportedly signed by Plaintiff, all loan documentation related thereto, including but not limited to the deed of trust, promissory note, loan disclosures, escrow instructions, good faith estimates of costs and expenses, were all written exclusively in the English language. In violation of California *Civil Code* *§1632 et seq & its extrapolation*, defendants and each of them, failed to provide Plaintiff with the contract or agreement in Spanish, and its extrapolation, being the language in which the contract or agreement was negotiated, nor was Plaintiff provided a translation of each of the disclosures required by law including but not limited to the Mortgage Loan Disclosure Statement, in the Spanish language in which the contract or agreement was negotiated. This is unconscionable.

27    Pursuant to *Civil Code §1632 et seq & its extrapolation*, the above referenced Promissory Note and Deed of Trust is therefore voidable and subject to statutory rescission and damages. Plaintiff hereby demands statutory rescission and damages as provided by law.

28.    Since Plaintiff was not able to read, write, and comprehend loan documents in English, Plaintiff specifically fell prey and victims to all of the representations made by defendants, and or their agents, loan officers, employees, or successors in interest.

29    At no time during the loan transaction process, was it ever disclosed to Plaintiff by any agent, employee or representative of the originating lender, that additional costs ever existed or disclosed to Plaintiff in the loan disclosure documentation as required by law, nor in the loan escrow documentation or escrow closing statement(s), all in violation of California's Predatory Lending Law, as set forth in *Financial Code §4970, et seq.*

30    Other crucial terms regarding the loan documentation were also never fully explained to Plaintiff, if at all, as required by statute, including the exact interest rate set forth in the Promissory Note.

31      Plaintiff is informed and believes and based thereon alleges that the original lender(s) defendants HOVNANIAN" and "MTC" and/or its successors in interest by agency, assignment, nomination or appointment, being the current beneficiaries of its servicing agency, have engaged in deceptive loan practices with respect to Plaintiff, in knowing violation of the Home Ownership and Equity Protection Act ("HOEPA") 15 U.S.C. Section 1637 and the Truth In Lending Action ("TILA"), 15 U.S.C. Section 1601-1671, and Federal Reserve Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ("FTC"), 15 U.S.C. Sections 41-58. The full details of these violations are presently unknown to Plaintiff, however, when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege those facts.

32      An actual controversy has arisen and now exists between Plaintiff and Defendants regarding his respective rights, duties and obligations under the above referenced Promissory Note, Deed of Trust, loan transfer and related loan documentation and this controversy can only be resolved by the intervention of this Court. Plaintiff alleges that defendants and each of them are prohibited by law from attempting to enforce any provisions of the above referenced documents, including the non-judicial foreclosure of Plaintiff's real property, until this controversy has been fully adjudicated and resolved by this Court, whereas defendants contend that he is nevertheless immediately entitled to fully enforce those provisions.

### SECOND CAUSE OF ACTION

### Violation of California Business and Professions Code §17200

### (For Violations of California's Unfair & Fraudulent Business Practices, Against All Defendants and DOES)

33      Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 32 of the Complaint, as though herein fully set forth.

34      Plaintiff alleges that the statutory violations and unlawful practices and acts of DEFENDANTS, and each of them, aforementioned in this Complaint, constitute unlawful business acts and/or practices within the meaning of California Business & Professions Code Sections 17200 et seq.

---

VERIFIED COMPLAINT

EXHIBIT _____

PAGE _____

7

35     Plaintiff alleges that DEFENDANTS, and each of them, extended the LOAN to Plaintiff on stated gross monthly income only, without requiring any further verification of Plaintiff's ability to repay the loan, knowing that Plaintiff would not be able to repay the loan. Plaintiff further alleges that DEFENDANTS did not consider Plaintiff's financial status and ability to repay the LOAN but looked only to their greed and financial gain when they arranged, originated and approved the subject loan to Plaintiff.

36.     Further, Plaintiff alleges that DEFENDANTS extended the LOAN to Plaintiff, without conducting adequate due diligence or underwriting, knowing that Plaintiff would not and could not qualify for it, and approved the same without requiring rigorous proof of his ability to pay back the loan.

37     Plaintiff alleges that DEFENDANTS, and each of them, approved the LOAN when they knew that Plaintiff could not qualify for the mortgage loan based upon his credit rating, income and his asset and debt ratio, but provided said loan and failed to disclose the terms and conditions pertaining to the LOAN in question.

38     Plaintiff alleges that DEFENDANTS extended the loan to Plaintiff on stated income only, without requiring any further verification on Plaintiff's ability to repay the loan, knowing that Plaintiff would not and could not be able to repay the loan. Plaintiff further alleges that DEFENDANTS knew that, in making the LOAN to Plaintiff, DEFENDANTS did not consider Plaintiff's financial status and ability to repay the loan. By acting as servicer (and agent for the owner of the LOAN) and/or transferee, assignee or owner of the LOAN, defendants "HOVNANIAN," "ORANGE" and "MTC" have affirmed and encouraged this activity and as such, have aided and abetted said activities in making such loan.

39     Plaintiff alleges that by engaging in the above-described acts and/or practices as alleged herein, DEFENDANTS have violated several laws and/or regulations and said predicate acts, therefore, *per se* violations of Sections 17200 *et seq.* These predicate unlawful business acts and/or practices include DEFENDANTS' failure to comply with the disclosure requirements of the California Rosenthal Fair Debt Collection Practices Act, including, but not limited to, Section 1788(e) and (f) of the California Civil Code, and the Federal Fair Debt Collections Act, 15 U S C

EXHIBIT   A

PAGE   10

Title 41, Sub-chapter V, Section 16923 *et seq*., and the Real Estate Settlement Procedures Act, 12

U.S.C. Sections 2601 *et seq*., and the disclosure requirements of TILA, as herein previously alleged

     40    Plaintiff alleges that DEFENDANTS' misconduct, as alleged herein, gives and has

given, DEFENDANTS an unfair competitive advantage over their competitors.

     41    Plaintiff alleges that as a direct and proximate result of the aforementioned acts,

DEFENDANTS have prospered and benefited from Plaintiff by collecting mortgage payments and

stand to foreclose on the SUBJECT PROPERTY thereby completing unjust enrichment.

     42    Plaintiff seeks the imposition of a constructive trust over and restitution of, the

monies collected and realized by DEFENDANTS.

     43    As a direct and proximate result of DEFENDANTS' unlawful conduct alleged herein,

Plaintiff suffered injury in fact, and is in danger of losing the SUBJECT PROPERTY to foreclosure.

     44    Plaintiff alleges that he is entitled to equitable relief, including restitution,

restitutionary disgorgement of all profits accruing to DEFENDANTS because of their unlawful and

deceptive practices and acts, attorney's fees and costs, declaratory relief and a permanent injunction

enjoining DEFENDANTS from their unlawful activity.

### THIRD CAUSE OF ACTION

Violation of California Business & Professions Code §17200 et seq.

– Unlawful Business Practices, Violation of Truth in Lending Act, 15 U.S.C. §1601 *et seq*.

(Against All Defendants and DOES)

     45    Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1 to 44 of the Complaint as though herein fully set forth.

     46    Plaintiff alleges that the unlawful acts and practices of DEFENDANTS alleged above

constitute unlawful business acts and/or practices within the meaning of California Business and

Professions Code Section 17200 *et seq*.

     47    Plaintiff alleges that by engaging in the above–described acts and practices,

DEFENDANTS have committed one or more acts of unfair competition within the meaning of

California Business and Professions Code of Sections 17200 *et seq*.

EXHIBIT ___A___

PAGE ___11___

48.     Plaintiff alleges that DEFENDANTS' unlawful business and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are, therefore, *per se* violations of Sections 17200 *et seq.* These predicate unlawful business acts and/or practices include DEFENDANTS' failure to comply with the disclosure requirements mandated by TILA, 15 U.S.C. Sections 1601 *et seq.* Regulation Z and Official Staff Commentary issued by the Federal Reserve Board.  As described in more detail above, DEFENDANTS also failed in a number of ways to clearly or accurately disclose the terms of the ARM loan to Plaintiff as required under TILA.

49.     Title 15 U.S.C. Sections 1610 *et seq.* is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (12 C.F.R. Section 226) and its Official Staff Commentary.  Compliance by lenders with Regulation Z became mandatory on October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all lenders.

50.     The purpose of TILA is to protect consumers through assurance of meaningful disclosure of credit terms so that the borrowers will be able to compare readily the various credit terms available to the and avoid the uninformed use of credit to protect the consumer against unfair credit billing practices. This is stated in 12 C.F.R. Section 226.1, which reads:

> *The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve lien on a consumer's principal dwelling.*

51.     Regulation Z mandates very specific disclosure requirements regarding home loans:

> *Section 226.17  General disclosure requirements.  (A) Form of Disclosures  (1) The Creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any*

*information not directly related to the disclosures required*

*under Section 226.18.*

52. Plaintiff alleges that DEFENDANTS, collectively and individually, are liable for all violations mentioned herein. Some of the DEFENDANTS are "creditors" within the meaning of Section 1611(1) of 15 U.S.C.A., which states that "[t]he term "creditor" refers only to a person who (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness..." Others are liable as assignees of the original creditor. According to 15 U.S.C Section 1641(a), "any civil action for violation of this subchapter... which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement..." The same section further defines a violation that is apparent on its face: "... a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which ca be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (1) a disclosure which does not use the terms required to be used by this subchapter."

DEFENDANTS' misconduct, as alleged herein, gave DEFENDANTS an unfair competitive advantage over their competitors.

53. As a direct and proximate result of the aforementioned acts, DEFENDANTS received monies and continue to hold monies expended by Plaintiff who purchased the LOAN described herein. Plaintiff alleges that as a direct and proximate result of DEFENDANTS' unlawful conduct alleged herein, Plaintiff stands to lose thousands of dollars in excess payments not otherwise disclosed to him, and is in imminent danger of losing his home to foreclosure. Plaintiff is the direct victim of DEFENDANTS' unlawful conduct, as herein d. and has suffered injury in fact, and has lost money as a result of DEFENDANTS' unfair competition.

EXHIBIT ___A___

PAGE ___13___

54      In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and the restitution of the monies collected and realized by DEFENDANTS

55      Plaintiff alleges that the unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to mislead and/or deceived by DEFENDANTS as described herein. Plaintiff has no other remedy at law that will prevent DEFENDANTS' misconduct, as alleged herein, from occurring and/or recurring in the future

56      Plaintiff alleges that he is entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to DEFENDANTS because of their unlawful and deceptive acts and practices, attorneys' fees and costs, declaratory relief and a permanent injunction enjoining DEFENDANTS from their unlawful activity

## FOURTH CAUSE OF ACTION

(Violation of California Business & Professions Code §17200 et seq

– Unlawful Business Practices, Financial Code §22302  (Against all Defendants)

57      Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 56 of the Complaint as though herein fully set forth.

58      Plaintiff alleges that the unlawful acts and practices of DEFENDANTS alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code Sections 17200 et seq

59      Plaintiff alleges that by engaging in the above-described acts and practices, DEFENDANTS have committed one or more acts of unfair competition within the meaning of California Business and Professions Code Sections 17200 et seq

60      Plaintiff alleges that by engaging in the above-described acts and/or practices, as alleged herein, DEFENDANTS have violated several laws and/or regulations and said predicate acts, therefore, per se violations of Sections 17200 et seq. These predicate unlawful business acts and/or practices include DEFENDANTS' violations of California Financial Code Section 22302

VERIFIED COMPLAINT

12

EXHIBIT ___A___

PAGE ___14___

61.    California Financial Code Section 22302 applies to consumer loan contracts. It states that a loan found to be unconscionable pursuant to Section 1670.5 of the California Civil Code shall be deemed to be a violation of Financial Code Section 22302.

62.    The loan contract prepared by DEFENDANTS and entered into by and between Plaintiff and DEFENDANTS was, and is, unconscionable pursuant to Section 1670.5 of the Civil Code.

63.    Plaintiff alleges that the relative bargaining position between Plaintiff and DEFENDANTS was unequal. Plaintiff could not negotiate or change any of the particular terms related to the loan contract drafted by DEFENDANTS to secure the LOAN. Plaintiff was given no choice but to make the payments as stated in the payment schedule and to accept and sign all the associating documents.

64.    Plaintiff alleges that the loan process was such that individual terms could not be modified. The loan documents evidencing the LOAN were delivered to Plaintiff at the time of signing. Upon information and belief, DEFENDANTS did not permit for any meaningful negotiation of terms or even allow for sufficient time to conduct an adequate review of the loan documents at the time of execution.

65.    Plaintiff alleges that the LOAN as drafted by DEFENDANTS was so one-sided that they could only lead Plaintiff to one result: a significant loss of money. As a direct and proximate result of DEFENDANTS' unconscionable conduct, as alleged herein, Plaintiff has suffered direct and actual injury.

66.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS knew the LOAN was unconscionable. By acting as servicer (and agent for the owner of the LOAN) and/or transferee, assignee or owner of the LOAN, defendants "HOVNANIAN," "ORANGE" and "MTC" have affirmed and encouraged making unconscionable loans of this nature and as such, have continuously aided and abetted said activities in making such loans.

67.    Plaintiff alleges that because the loan contract is unconscionable pursuant to Section 1670.5 of the Civil Code, the LOAN violates Financial Code Section 22302.

VERIFIED COMPLAINT

EXHIBIT _____ A

PAGE _____ 15

13

68    Plaintiff alleges that as a direct and proximate result of the aforementioned acts DEFENDANTS have prospered and benefited from Plaintiff by collecting mortgage payments, and stand to foreclose on the SUBJECT PROPERTY, thereby completing the unjustly enrichment unto DEFENDANTS

69    Plaintiff seeks the imposition of a constructive trust over and restitution of monies collected and realized by DEFENDANTS

70.    As a direct and proximate result of DEFENDANTS' unlawful conduct alleged herein Plaintiff has suffered injury in fact and is in danger of losing his home, the SUBJECT PROPERTY

71    Plaintiff alleges that he is entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to DEFENDANTS because of the unlawful deceptive practices and acts, attorneys' fees and costs, declaratory relief and a permanent injunction enjoining DEFENDANTS from their unlawful activity

## FIFTH CAUSE OF ACTION

### (Fraudulent Omission, Against All Defendants)

72    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 71 of the Complaint, as though herein fully set forth.

73    Plaintiff alleges that during the loan application process DEFENDANTS failed to inform Plaintiff that based solely on his stated income, his credit rating and the ratio of his assets and liabilities, Plaintiff would not and could not qualify for the subject LOAN

74    Further, Plaintiff alleges that DEFENDANTS qualified Plaintiff for the LOAN based solely on the initial payment amount (based on the initial rate set forth in the Note), not on future payment amounts, which, by design, had to increase significantly as the interest rate on the LOAN increased and principal payments were added to monthly amounts due and owing. Moreover, DEFENDANTS extended the LOAN to Plaintiff, without conducting adequate due diligence or underwriting, knowing that Plaintiff could not and would not qualify for it, and approved the same without requiring rigorous proof of his ability to pay back the loan

75    Plaintiff alleges that DEFENDANTS had a duty to disclose to Plaintiff that they could not qualify for the LOAN, but chose not to disclose the information to benefit from the

EXHIBIT _____ A

PAGE _____ 16

payments Plaintiff would make, and did make, on the LOAN, and would eventually foreclose on the SUBJECT PROPERTY, when Plaintiff would default on the LOAN. Plaintiff further alleges that DEFENDANTS had a duty to (i) qualify Plaintiff for the LOAN based on future payment amounts, not solely on the initial interest-only payment amount based on the initial rate set forth in the NOTE, and (ii) had a duty to conduct adequate due diligence and underwriting to determine whether or not Plaintiff could qualify for the LOAN. These duties, at minimum, are predicated on duties that govern anyone engage in any business and anyone contracting with anyone else.

76.    Plaintiff alleges that all times relevant, DEFENDANTS failed to disclose and or conceal material facts by making partial representations of some material facts such as representing to Plaintiff that his stated income would be sufficient to qualify him for the LOAN when these DEFENDANTS had exclusive knowledge of material facts, namely that Plaintiff could not qualify for a loan in the amount of $189,950.00, with monthly payments that would, and did, outstrip Plaintiff's financial ability to generate revenue required.

77.    Plaintiff alleges that he justifiably relied upon the expertise, experience and knowledge of DEFENDANTS to be encumbered by the subject loan. Plaintiff's reliance was justifiable based upon DEFENDANTS knowledge of the mortgage lending and real estate industries, and based upon Plaintiff's lack of understanding of the same industries.

78.    Plaintiff alleges that if he had known the true facts, that they would have considered other options, and would not have obligated himself to a $189,950.00, loan which over time would have cost him extreme financial hardship and emotional distress.

79.    Plaintiff alleges that DEFENDANTS extended the loan to Plaintiff on stated income only, without requiring any further verification of Plaintiff's ability to repay the loan, knowing that Plaintiff would not and could not be able to repay the loan. Plaintiff further alleges that DEFENDANTS knew that, in making the LOAN to Plaintiff, DEFENDANTS did not consider Plaintiff's financial status and ability to repay the loan. By acting as servicer (and agent for the owner of the LOAN) and/or transferee, assignee or owner of the LOAN, "HOVNANIAN" and "MTC" have affirmed and encouraged this activity and as such, has aided and abetted said activities in making such loans.

EXHIBIT A
PAGE 17

80      Plaintiff alleges that as a direct and proximate result of DEFENDANTS' failure to disclose an omission of the above-mentioned material facts, as alleged herein, Plaintiff has suffered compensatory and equitable damages, in a sum according to proof at trial

81      Plaintiff alleges that the wrongful conduct of DEFENDANTS, as alleged herein, was willful, oppressive, immoral, unethical, unscrupulous, substantially injurious, malicious and in conscious disregard for the well-being of Plaintiff. Accordingly, Plaintiff seeks punitive and exemplary damages against DEFENDANTS in the amount to deter DEFENDANTS from similar conduct in the future

## SIXTH CAUSE OF ACTION

### Injunctive Relief

### (Against All Defendants)

82      Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 81 of the Complaint as though herein fully set forth

83      Plaintiff is the owner of a specific identifiable parcel of real property, PROPERTY, which is his family residence. Every parcel of real property, as a manner of law is unique and Plaintiff's residence is such a parcel of real property

84      Defendants, "HOVNANIAN," "ORANGE," "MTC" and "MERS" are currently threatening to, and unless temporarily and permanently enjoined, will deprive Plaintiff of the title to and ultimately the right of peaceful possession of his family residence, through the process of non-judicial foreclosure based on purported loan documents, which are void and unenforceable as having been obtained by defendants through the product of multiple violations of statute and predatory lending practices

85.     Unless defendants are enjoined from enforcing their void loan documents, Plaintiff will suffer irreparable harm in the loss of the family residence. It is therefore appropriate that prior to that occurrence, defendants should be preliminarily enjoined from any further actions to conclude a non-judicial foreclosure, or to assert a title interest in or attempt to obtain possession of the "property," and upon a Plaintiff's verdict in this action be permanently enjoined from all such actions

EXHIBIT ___A___

PAGE ___18___

## SEVENTH CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing, Against all Defendants)

86    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 85 of the Complaint as though herein fully set forth.

87    Plaintiff alleges that implied in every contract there is a covenant that parties to an agreement will deal fairly and at arms length with one another, and will deal in good faith to accomplish the objectives of the agreement

88    Plaintiff alleges that on or about October 10, 2007, and thereafter DEFENDANTS breached the implied covenant of good faith and fair dealing when it used their superior knowledge in the real estate, lending and finance industries to intentionally hide the fact that Plaintiff would not and could not qualify for the ARM loan for which Plaintiff applied, and the LOAN would in fact cost Plaintiff significantly more than what was stated by DEFENDANTS in the TILDS

89    Plaintiff, on the other hand, did all of those things the contract required of him Plaintiff made the monthly payments in the amount required of him by the terms of the NOTE and reflected in the payment schedule prepared and provided by DEFENDANTS

90    At all times relevant, DEFENDANTS unreasonably denied Plaintiff the benefits promised of him under the terms of the Note, including providing clear and conspicuous disclosures of payment amounts, finance charges, sufficient to pay the LOAN in full within the term of the LOAN

91    Knowing the truth and motivated by profit and market share, DEFENDANTS have knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or omissions to mislead and/or deceive Plaintiff

92    DEFENDANTS' breaches, as alleged herein, were committed with willfull and wanton disregard for whether or not Plaintiff would actually receive a home loan as promised  At all times relevant, DEFENDANTS possessed full knowledge and information concerning the above facts regarding the LOAN

93    At all time relevant, DEFENDANTS' conduct, as alleged herein, was malicious, oppressive and/or fraudulent

VERIFIED COMPLAINT

17

EXHIBIT
PAGE 19

94     As a result of DEFENDANTS' conduct, Plaintiff has suffered harm. He will incur additional charges to his principal loan balance and his payments will increase from that stated in the TILDS. Plaintiff is in danger of losing the SUBJECT PROPERTY to non-judicial foreclosure, and has been damaged in a sum to be proven at trial.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment (Against All Defendants)

95     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 94 of the Complaint as though herein fully set forth.

96     Defendants unjustly received and retained benefits and payments at the expense of plaintiff and persons similarly situated, who is therefore entitled to restitution.

97     Defendants are each guilty of oppression, fraud and malice within the meaning of Cal. Civil Code §3294. The acts and practices constituting oppression, fraud, and malice were authorized and established by an officer, director, and/or managing agent of each of the corporate defendants. Therefore, plaintiff and persons similarly situated, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendants.

## NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCOUNTING (Against All Defendants)

98     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 97 of the Complaint as though herein fully set forth.

99     Plaintiff has previously requested in writing from defendants "MTC" and "HOVNANIAN" has yet to receive from them a detailed accounting calculation and summary of the payoff balance they are demanding, including the unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees, costs or expenses comprising the payoff sum.

100    Plaintiff is legally entitled to such an accounting, yet defendants have refused to provide one in a timely manner in compliance with California Civil Code §2943. Plaintiff requires said accounting in order to be fully apprised of the details of the payoff sum being demanded, and to thereby be able to assess the propriety of the payoff demand.

EXHIBIT A

PAGE 20

## TENTH CAUSE OF ACTION

### Negligence (Against Defendants "MTC" and "HOVNANIAN")

101.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 100 of the Complaint as though herein fully set forth inclusive

102.   Negligence committed by Defendants is apparent, and Defendants have admitted to said Negligent behavior.

103.   On July 8, 2009, Plaintiff received a letter from Defendants "HOVNANIAN" and "MTC" which states that *"we found that the finance charge on your mortgage loan was not properly disclosed"* A true and correct copy of said letter is attached hereto as **Exhibit "1"** and incorporated herein by reference.

104.   Said letter is a reflection of the unlawful violations committed by defendant "MTC" and the subject of this complaint

105.   By failing to provide Plaintiff with proper disclosures as mandated by law Plaintiff seeks relief from this Court.

## ELEVENTH CAUSE OF ACTION

### Breach of Fiduciary Duty (Against All Defendants)

106.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 105 of the Complaint as though herein fully set forth inclusive.

107.   Plaintiff and the DEFEDANTS were engaged in a fiduciary relationship.

108.   In doing the things alleged hereinabove, defendants breached their fiduciary duties owed to Plaintiff, including but not limited to undivided loyalty, confidentiality, and trust

109.   As a proximate result of these breaches of duty, Plaintiff and persons similarly situated provided Plaintiff with inflated loans that were beyond Plaintiff's means since Plaintiff acted on the information provided by defendants, made no other arrangements to move-out of the property, had to retain the services of attorneys, is experiencing mental anguish which is detrimental to the health and Plaintiff is in a state of emotional distress

110.   Defendants are each guilty of oppression, fraud and malice within the meaning of Cal. Civil Code §3294. The acts and practices constituting oppression, fraud and malice were

authorized an established by an officer, director, and /or managing agent of each of the corporate defendants. Therefore, Plaintiff and persons similarly situated, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS, and each of them, as follows:

1.    That the loan for the amount of $114,999.09 be converted to 6.375% for a 30 year fixed term loan fully amortized at 5.00%

2.    That the new "non-impounded" payments of $617.34 have a new maturity date of 10/01/2039

3.    That the new loan begins on 11/01/09

4.    That the Property Tax be brought to current as of date of new note

5.    That all delinquent monies owed including any late fees be forgiven

6.    That the amount of $72,244.64 on the 1st mortgage be forgiven.

7.    Short Sale in the alternative

8.    Short Pay in the alternative

9.    That the actions of all of the DEFENDANTS be determined to be unfair and deceptive business practices in violation of California Law, TILA RESPA and Regulation Z, and that this Court award all such relief to Plaintiff as Plaintiff may be entitled be issued

10.   A permanent injunction precluding DEFENDANTS. and each of them. from engaging in the wrongful conduct identified herein.

11.   For award of reasonable attorneys' fees and costs of suit incurred

12.   For such other and further relief as the Court may deem just and proper

DATED: September 9, 2009                CONSUMER PROTECTION LEGAL SERVICES

By: _____
    Gary Lane
    Attorney for Plaintiff
    AMADO IBARRA

---

EXHIBIT ___A___
PAGE ___22___

# EXHIBIT

# "1"

EXHIBIT ____ A
PAGE ____ 23



[RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:]

Trustee Corps
2112 Business Center Drive,
2nd floor
Irvine, CA  92612

DOC # 2009-0354622
07/09/2009 08:00A Fee:21.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----- |------|-----|------|
|   |   |   | 4    |      |    |      |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | MCHG | EXAM |
|   |   |   |      |      |    | T.   |      | CTY | UNI  |

Trustee Sale No CA0946270-3    Loan No 0206904740    Title Order No 55006647

IMPORTANT NOTICE

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account which is normally five business days prior to the date set for the sale of your property  No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice)

This amount is **$10,924.42** as of **07/08/2009** and will increase until your account becomes current

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or Mortgage, the Beneficiary or Mortgagee may insist that you do so in order to reinstate your account in good standing  In addition, the Beneficiary or Mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums

Upon your written request, the Beneficiary or Mortgagee will give you a written itemization of the entire amount you must pay  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made  However, you and your Beneficiary or Mortgagee may mutually agree in writing prior to the time the Notice of Trustee's Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise, or (2) establish a schedule of payments in order to cure your default; or both (1) and (2)

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor

EXHIBIT _____
PAGE _____

Trustee Sale No. CA0946270-3  Loan No. 0206904740   Title Order No. 55006647
ATO CONTROL NO.  94253BE6Y28A

To find out the amount you must pay, to arrange for payment to stop the foreclosure  or if your property is in foreclosure for any other reason, contact:

SUNTRUST MORTGAGE, INC
c/o TRUSTEE CORPS
2112 BUSINESS CENTER DRIVE
2ND FLOOR
IRVINE, CA  92612
(949) 252-8300

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: MTC FINANCIAL, INC. dba TRUSTEE CORPS is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 10/10/2007, executed by AMADO IBARRA, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as Beneficiary and K. HOVNANIAN AMERICAN MORTGAGE, LLC as Lender Recorded on 10/26/2007 as Document No. 2007-0658966 of official records in the Office of the Recorder of Riverside County, California, as more fully described on said Deed of Trust  Including a Note(s) for the sum of $189,950.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON  02/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS FORECLOSURE COSTS AND LEGAL FEES

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to TRUSTEE CORPS, said Trustee, a written Declaration and Demand for Sale  and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby

THE BENEFICIARY OR BENEFICIARY'S AUTHORIZED AGENT HAS COMPLIED WITH CIVIL CODE SECTION 2923 5 SEE DECLARATION ATTACHED HERETO AND MADE A PART HEREOF

DATED: 7/9/09

TRUSTEE CORPS, as Agent for SUNTRUST MORTGAGE, INC
BY: Security Union Title Insurance Company
Authorized Signatory through SPL, Inc. as authorized agent

TRUSTEE CORPS IS A DEBT
COLLECTOR   ANY INFORMATION
OBTAINED WILL BE USED FOR
THAT PURPOSE

EXHIBIT _____ _4_

PAGE _____ _25_



**SUNTRUST**
MORTGAGE

CA 0946270-3

SunTrust Mortgage, Inc
P.O. Box 27767
Richmond, VA 23261-7767
1-800-443-1032

EXHIBIT "A"
Declaration Per CA Civil Code Section 2923 5

The undersigned officer or custodian of records for SunTrust Mortgage, Inc
does hereby declare as follows:

That Servicer is the Beneficiary or acting as agent of the Beneficiary who
is a party to a Deed of Trust securing certain real property commonly
known as 85450 Avenida Maria and located in Riverside County;
said Deed of Trust secures a loan in made to Amado Ibarra
and is referenced by Loan Number 0206904740

A ___ Servicer does hereby state that Servicer has contacted the Borrower
to (1) assess the borrower's financial situation, (2) explore
options with the Borrower to avoid foreclosure such as repayment
plans, forbearance agreements and/or loan modifications; (3)
inform Borrower of Borrower's right to a subsequent meeting to be
scheduled within 14 days of said contact; and (4) provide Borrower
with a toll-free number to a HUD certified counseling agency

B ___ Servicer does herby state that Servicer was unable to make contact
with the Borrower but that the following efforts were made  to
contact Borrower:

    ___ Sent a First-Class letter to Borrower's last known mailing
address advising Borrower (a) that Borrower is in default
under the Loan, (b) that Borrower should contact Servicer
regarding alternative options to avoid foreclosure, (c) of
Servicer's toll-free number with access to a live
representative during Servicer's business hours, (d) of a
toll-free number to a HUD certified counseling agency  and
(e) that Borrower's failure to contact Servicer may result
in commencement of a foreclosure action;

    ___ Attempted to contact Borrower by telephone at least 3 times
at 3 different hours on 3 different days at the primary
telephone number on file;

    ___ Two weeks after number 2 above was completed and no contact
having been made, Servicer sent a letter via Certified Mail
Return Receipt Requested to Borrower's last known mailing
Address advising Borrower (a) that Borrower is in default
under the Loan  (b) that Borrower should contact Servicer
regarding alternative options to avoid foreclosure, (c) of
Servicer's toll-free number with access to a live
representative during Servicer's business hours, (d) of a
toll-free number to a HUD certified counseling agency, and
(e) that Borrower's failure to contact Servicer within 30
days of a receipt of this letter will result in commencement
of a foreclosure action;

    ___ Other: Please attach a detailed statement of attempts made to
contact the Borrower(s)

EXHIBIT A
PAGE 26



SunTrust Mortgage, Inc.
P.O. Box 27767
Richmond, VA 23261-7767
1-800-443-1032

Page 2

C ___ Servicer does hereby state that:

___ Servicer has determined that the Borrower's primary
telephone number and secondary telephone number on file, if
any, have been disconnected;

___ No efforts were made to contact Borrower in that on
Borrower surrendered the property as evidenced by a letter
confirming the surrender or by delivering the keys to the
property to the Servicer or Servicer's agent;

___ No efforts were made to contact Borrower in that Servicer has
evidence in its file and reasonably believes that the
Borrower has contracted with an organization, person  or
entity whose primary business is advising people who have
decided to leave their homes on  how to extend the
foreclosure process and avoid their contractual obligations
to Servicer;

___ No efforts were made to contact Borrower in that Servicer has
verified information that on or before the date of this
declaration, the Borrower filed for bankruptcy and the
proceedings have not been finalized.

This declaration is made for the purpose of inducing

_____

to proceed with the filing of a Notice of Default and/or a Notice of Sale
under a Deed of Trust in which the undersigned has an interest knowing
that the Trustee will rely upon the truth and accuracy of the statements
contained herein in commencing and handling such foreclosure action up to
and including filing the Notice of Sale on the foreclosure

I declare under penalty of perjury of the State of California that to the
best of my knowledge the foregoing statements are true and correct
WITNESS my signature this _____ 28th _____ day of
May 2009

By: _____

Its: _____

EXHIBIT ___ A
PAGE ___ 27

[SunTrust form id]

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

K HOVNANIAN AMERICAN MORTGAGE, LLC; ORANGE COAST
TITLE COMPANY, et al.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Amado Ibarra



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 17 2009

A. Myers

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court

Indio - Larson Justice Center
46-200 Oasis Street, Indio, CA 92201

CASE NUMBER:
*(Número del Caso):* INC 089623

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary Lane, Esq., Consumer Protection Legal Services, Inc., 2911 South Bristol Street, Santa Ana, CA 92704

DATE: September SEP 17 2009        Clerk, by  A. Myers       , Deputy
*(Fecha)*                          *(Secretario)*             *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* MTC Financial Inc. DBA Trustee Corps

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* September 10, 2009      9/17/09.

[SEAL]

COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT _____

PAGE _____

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Amado Ibarra v. K. Hovnanian American Mortgage; et al | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS. INC.; MTC FINANCIAL INC.; DBA
TRUSTEE CORPS AND DOES 1 THROUGH 50. INCLUSIVE

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM 200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT _____ B _____
PAGE _____ 29 _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 1806 SGL (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs)*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AMADO IBARRA | K. HOVNANIAN AMERICAN MORTGAGE, LLC; ORANGE COAST TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER; MTC FINANCIAL, INC DBA TRUSTEE CORPS and DOES 1 through 50, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same ) | Attorneys (If Known) |
|---|---|
| GARY LANE<br>2911 South Bristol St<br>Santa Ana, CA 92704 | RICHARD J. REYNOLDS (89911) / ELIZABETH L. DOLAN (241376)<br>TURNER REYNOLDS GRECO & O'HARA<br>16485 Laguna Canyon Rd. #250<br>Irvine, CA 92618<br>Tel: 949 474-6900 / Fax: 949 474-6907<br>E-mail: rreynolds@trlawyers.com; edolan@trlawyers.com |

**II  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U S Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV  ORIGIN** (Place an X in one box only )

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V  REQUESTED IN COMPLAINT:**   JURY DEMAND: ☐ Yes   ☐ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_

**VI  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )
15 USC §1637; 15 USC §1601-1667f; Regulation Z. 12 CFR §226 23(a)(3) and 15 USC §41-58 - Truth in Lending

**VII  NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☒ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt Reporting & |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | Veterans) | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | Veteran's Benefits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | Liability | ☐ 445 American with Disabilities - | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | IMMIGRATION | Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 09 - 01806 SGL FMO

FOR OFFICE USE ONLY:   Case Number: _____

SEP 24 2009

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATE DISTRICT COURT, CENTRAL DISTRIC F CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside (Indio) | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange (MTC Finacial Inc.) | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date   September 22, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |